UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-313-KSF

VICKIE HERD, Personal Representative of
the Estate of FATE HERD, III, Deceased, and
the Estate of FATE HERD, III, Deceased                                              PLAINTIFFS

v.                                      **OPINION & ORDER**

SCOTTY'S CONTRACTING & STONE, L.L.C.,
*et al.*                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the plaintiff, Vickie Herd, personal representative of the Estate of Fate Herd, III, deceased, and the Estate of Fate Herd, III, deceased, to remand pursuant to 28 U.S.C. § 1447(c) [DE #14]. For the reasons set forth below, the plaintiffs' motion to remand will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This civil action arises out of an accident which occurred on September 1, 2007 when Fate Herd, III, now deceased, was operating a Sterling truck on I-65 in Simpson County, Kentucky. The plaintiffs allege that inadequate construction signs and markings resulted in the truck striking a Trinity steel attenuation barrier crash cushion, and then igniting due to a defectively designed gas tank. The plaintiffs originally filed this action in Mercer County Circuit Court on August 31, 2009, naming the following defendants: (1) Scotty's Contracting & Stone, L.L.C. ("Scotty's"), a corporation organized and existing under the laws of the State of Kentucky with a principal place of business in Kentucky; (2) NWK Construction, Inc. ("NWK"), a corporation organized and

1

existing under the laws of the State of Kentucky with its principal place of business in Kentucky; (3) Sterling Truck Corporation ("Sterling"), a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Oregon; (4) Trinity Industries, Inc. ("Trinity Industries"), a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas; and (5) Trinity Highway Products, L.L.C. ("Trinity Highway Products"), a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

Both Scotty's and NWK have been served with the plaintiffs' complaint and filed their answers [DE #7-2, #14-3]. Both defendants admit in their answers that they are incorporated and have their principal place of business in Kentucky. Importantly, both Scotty's and NWK's answers were filed before Trinity Industries and Trinity Highway Products filed their Notice of Removal on September 23, 2009, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 [DE #1]. The plaintiffs subsequently filed their motion to remand on October 9, 2009 on the grounds that two of the five defendants are citizens of the State of Kentucky and thus the action is not removable under 28 U.S.C. § 1441(b) [DE #14].

**II.    ANALYSIS**

Pursuant to 28 U.S.C. § 1441(b), actions founded upon diversity "shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought" (emphasis added). This is commonly referred to as the "forum defendant rule." In this case, the record reveals that both NWK and Scotty's were served and answered before Trinity Industries and Trinity Highway Products filed its Notice of Removal. Thus, at the time of removal, both NWK and Scotty's were "properly joined and served" as defendants.

Accordingly, the plaintiffs' motion to remand will be granted.

To the extent that the plaintiffs move for costs under 28 U.S.C. § 1447(c), the Court finds that because the removing defendants allege they had not yet received the answers filed by the forum defendants at the time of removal, an objectively reasonable basis for removal existed. Therefore, the plaintiffs' motion for costs will be denied.

**III.    CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the plaintiff's motion to remand [DE #14] is **GRANTED** and this matter is hereby **REMANDED** to the Mercer Circuit Court; and the Clerk of Court is **DIRECTED** to mail a certified copy of the order of remand to the clerk of the Mercer County Circuit Court;

(2)   all remaining motions are **DISMISSED WITHOUT PREJUDICE** to be refiled before the state court;

(3)   this action is **DISMISSED** and **STRICKEN** from the active docket.

This November 19, 2009.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**